# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1695

_____

Rambo Associates, Inc.,      *
     *
             Appellant,      *
     *      Appeal from the United States
     v.      *      District Court for the
     *      Northern District of Iowa.
South Tama County Community      *
School District,      *      [PUBLISHED]
     *
             Appellee.      *

_____

Submitted: December 14, 2007
Filed: January 11, 2008

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

This is an action in contract and quasi-contract for services that an architectural and consulting firm rendered to a school district. After a bench trial, the district court entered judgment for Rambo on its contract claim and denied recovery on the quasi-contract claim. In an earlier opinion, *Rambo Assoc., Inc. v. South Tama County Community Sch. Dist.*, 487 F.3d 1178 (8th Cir. 2007), we affirmed the district court's judgment on the contract claim but remanded for further findings on the quasi-contract claim. We directed the district court to determine, if it could, what "extra services" Rambo rendered outside the written contract at South Tama's request, to determine the reasonable value of those services, and to give judgment to Rambo in that amount.

*Id.* at 1189.  We have now received the district court's further findings and legal conclusions.

The district court, after receiving the parties' briefs and diligently searching the record, rendered a detailed and thorough opinion in which it held that Rambo was not entitled to recover because the court could not determine with any reasonable certainty what "extra services" Rambo rendered or what their reasonable value was. *See Quade v. Heiderscheit*, 391 N.W.2d 261, 264 (Iowa Ct. App. 1986).  We conclude, after our examination of the record, that the district court correctly identified the governing legal principles, made no clearly erroneous factual findings, and did not err in applying the legal principles to the facts.

We therefore affirm the judgment.

_____